**FILED - GR**
August 29, 2022 11:43 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: KB / 8/29

**1:22-cv-788**

**Hala Y. Jarbou**
**Chief U.S. District Judge**

# United States District Court.

## For the Western District of Michigan.

### 110 Michigan Ave NW 49503.

CASE NO.:

**MR. STACEY R. SMITH**
855 KALAMAZOO AVE SE
GRAND RAPIDS, MICHIGAN 49507.
616-350-5709.

BEFORE THE HONORABLE:

**PLAINTIFF,**

    -AGAINST-

        42 U.S.C. § 3601 FAIR HOUSING ACT APRIL 11, 1968.

        } **COMPLAINT AND JURY DEMAND.**
          **UNDER CONGRESSIONAL INQUIRY.**

**V.**

        (FAIR HOUSING ACT – APRIL 11, 1968.)

**THE U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT.**
451 7TH STREET, SW WASHINGTON, DC 20410

AND **THE GRAND RAPIDS HOUSING COMMISSION**
1420 FULLER AVE SE GRAND RAPIDS, MICHIGAN 49507.
616-235-2600. **Under the authority of (HUD).**

**DEFENDANT.**

_____/

**NOW COMES THE PLANTIFF, Mr. Stacey R. Smith,** hereby demanding a jury trial and states his complaint as follows:

## JURISDICTION,

1. This is an action for money damages brought pursuant to Title VII of the Civil Rights Act of 1964 against the Department of Housing and Urban Development, (HUD), and to the Grand Rapids Housing Commission.

2. Jurisdiction is conferred by 28 U.S.C. § 1331, 42 USC 2000e et seq., 28 U.S.C. § 1343 (3), Yellow Freight Systems Inc. V. Donnelly, 494 US 820 (1990), along with the **Fair Housing Act of April 11, 1968, as well as the Elliot-Larsen Civil Rights Act No.: 453,** Michigan Public Act of 1976, as amended.

3. Jurisdiction for the state law action is conferred as supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## TIMELINESS

4. This action is being filed 90 days of (input date after right to sue), the date from which the Plaintiff received the Notice of Right to Sue from the U.S. Equal Employment Opportunities Commission, (E.E.O.C.).

## FACTUAL ALLEGATIONS.

5. The Grand Rapids Housing Commission, under the authority of the U.S. Department of Housing and Urban Development, is protection for an equal housing opportunity. The Plaintiff first attempted for housing assistance in 1994. To date, and with certainty, the Plaintiff has been attempting housing assistance for over **26 years** to no avail by the Grand Rapids Housing Commission. The Plaintiff at one time in the past had a meeting with the Director of the Grand Rapids Housing Commission to whose name fails him, but the Director indicated at that time, around 1998, that the commission is allowed to discriminate against males for housing due to the priority they were required to accommodate, which were the elderly, women with children, and the disabled. In conjunction with the Plaintiff's 26 year wait while being placed on and off the waiting list with numerous unusual reasons, the Plaintiff can only conclude that the Grand Rapids Housing Commission in fact discriminates against males for housing as the first allegation. The second allegation is the Plaintiff's race. The Plaintiff also believes that the Grand Rapids Housing Commission has also at times have been made to feel very uncomfortable when he would personally visit the commission directly, because of his race, to find out why it has taken so long, and up to this date 26 years and the commission has still not provided assistance to the Plaintiff.

## COUNT I

6. The Grand Rapids Housing Commission has indicated the commission can, RIGHTFULLY, discriminate against males for housing which means an acknowledged depravity AGAINST males for housing.

7. Plaintiff, in the past, was told this from the Director of the facility.

## COUNT II

8. Plaintiff has attempted assistance for housing for the past 26 years without reasonable accommodation and his name has been repeatedly taken off the list and put back on the list without a reasonable explanation.

9. Plaintiff believes that this disparity is a direct result of the Plaintiff being (*male)* which is a protected status under the Fair Housing Act of 1968, The Civil Rights Act of 1965 – TITLE VII, and to the Elliot-Larsen Civil Rights Act – due to the deprivation for accommodation for housing under these acts.

10. Plaintiff also believes that his *(race)* has also played a key factor for reasonable accommodation from the frequent remarks and comments that he had to endure with regards to his inquiry about the status of his name being on the waiting list with derogatory comments and remarks when he would call or visit the Grand Rapids Housing Commission, due to his race.

## COUNT III

11. Plaintiff, in the past, has contacted HUD directly in Washington, DC and had HUD officially inquire about the rules of the Grand Rapids Housing Commission and discovered that their rules were in error and instructed them to change the rules – to a new lottery format which APPEARS to be reasonable; however, after the Plaintiff's recent cycle with the waiting list, the same thing happened when his name came up for processing. Plaintiff filled out an application, per the instruction of the Grand Rapids Housing Commission, (location **501 Eastern Ave SE Grand Rapids, Michigan 49507**, and immediately received a letter stating that his name was place back on the list, **WITHOUT REASONABLE ACCOMMODATION**.

12. Pursuant to **42 U.S.C. § 3601** FAIR HOUSING ACT APRIL 11, 1968, the Plaintiff poses a federal question pursuant to 28 U.S.C. **§ 1331 and 3403; A Federal Question:**

*- If an agency under this act is allowed to dis-allow an (**African-American Male**) from housing under the direction of the Director of the Grand Rapids Housing Commission to accommodate the elder, disabled and women with children?*

## COUNT IV

13. This matter has also been placed under Congressional Inquiry through the Honorable Justin Amash's local office hear in this very building as well for – Housing Discrimination in conjunction with an official complaint with the Michigan Department of Civil Rights.

*[signature]*   08-29-22

## RELIEF REQUESTED.