UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY R. SMITH,

        Plaintiff,                                Hon. Hala Y. Jarbou

v.                                                  Case No. 1:22-cv-0788

UNITED STATES DEPARTMENT
OF HOUSING AND URBAN
DEVELOPMENT, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This matter is before the Court on Defendant Grand Rapids Housing Commission's Motion to Dismiss and for Summary Judgment (ECF No. 11) and Defendant U.S. Department of Housing and Urban Development's Motion to Dismiss (ECF No. 14).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions both be granted and this action terminated.

**BACKGROUND**

        Plaintiff initiated this action against the United States Department of Housing and Urban Development (HUD) and the Grand Rapids Housing Commission (GRHC). (ECF No. 1, 6).  In his amended complaint, Plaintiff alleges that Defendants denied his application for housing assistance because of his criminal record.  Plaintiff asserts that Defendants' conduct constitutes unlawful discrimination in violation of the Fair Housing

-1-

Act. Plaintiff seeks 3.8 million dollars in damages. Defendants now move for relief. Plaintiff has responded to the present motions. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving

party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

## ANALYSIS

Plaintiff alleges that Defendants violated his rights under Section 804(b) of the Fair Housing Act (FHA). This provision prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). FHA discrimination claims are assessed under the familiar *McDonnell-Douglas* burden shifting framework. *See, e.g., Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).

To establish a prima facie case, Plaintiff must show: (1) he is a member of a racial minority; (2) he applied for and was qualified to rent or purchase certain housing; (3) he was rejected; and (4) the housing or rental property remained available thereafter. *Id.* at 439. If Plaintiff makes the requisite showing, the burden shifts to Defendants to produce evidence of a legitimate, non-discriminatory reason for rejecting Plaintiff's application. If Defendants make such a showing, the burden shifts back to Plaintiff to demonstrate that Defendants' proffered reason is merely a pretext. *Ibid.* The threshold for establishing a prima facie case is low and is satisfied by "drafting a short and plain statement of the claim consistent with Federal Rule of Civil Procedure 8(a)." *Ibid.* While Plaintiff's complaint is brief and not clearly written, the Court will, for present purposes, assume that such satisfies this standard.

Defendant GRHC has presented evidence that it denied Plaintiff's housing application because Plaintiff had previously been convicted of criminal sexual conduct. (ECF No. 11, PageID.53-60). There is no evidence in the record that Defendant HUD played any role in the decision to deny Plaintiff's housing application.

The Fair Housing Act does not prohibit discrimination based on an applicant's criminal history. In fact, the Fair Housing Act expressly states that a housing application may be refused from "an individual whose tenancy would constitute a direct threat to the health or safety of other individuals. . . ." 42 U.S.C. § 3604(f)(9). It is reasonable to conclude, when assessing a housing application, that persons convicted of "property or assaultive crimes" would constitute a direct threat to the health and safety

of others. *See, e.g., Talley v. Lane*, 13 F.3d 1031 at 1034 (7th Cir. 1994); *Churney v. Chicago Housing Authority*, 2013 WL 589599 at *3 (N.D. Ill., Feb. 14, 2013). Thus, rejecting Plaintiff's application based upon his criminal sexual conduct conviction constitutes a legitimate, non-discriminatory reason for rejecting Plaintiff's application. In response, Plaintiff argues that he was "wrongfully charged" with criminal sexual conduct, but he offers no evidence demonstrating that, as of the date his housing application was denied, his conviction had been overturned or otherwise invalidated. Defendants are, therefore, entitled to relief.

Defendants are entitled to relief for another reason as well. Claims alleging discrimination under the Fair Housing Act must be brought "not later than 2 years after the occurrence . . . of an alleged discriminatory housing practice. . . ." 42 U.S.C. § 3613(a)(1)(A). Plaintiff's housing applications were denied on March 19, 2020. (ECF No. 11 at PageID.59-60). Plaintiff did not initiate this matter, however, until August 29, 2022. Thus, Plaintiff's action is untimely.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that GRHC's Motion to Dismiss and for Summary Judgment (ECF No. 11) be granted; HUD's Motion to Dismiss (ECF No. 14) be granted; and this action terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445

(1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                             Respectfully submitted,

Date: December 30, 2022                    /s/ Phillip J. Green
                                              PHILLIP J. GREEN
                                              United States Magistrate Judge